NORRIS v. CLINKSCALES.

1. A NONSUIT cannot be ordered where a *prima facie* case has been made out, however insufficient, conflicting, and unsatisfactory the testimony may be.
2. CHATTEL MORTGAGE—DEATH OF MORTGAGOR—ACTION TO RECOVER.—The mortgagee of chattels, after condition broken, is the legal owner thereof, and, therefore, is entitled to their possession, and may bring action to recover them from the executor of the mortgagor, having them in his possession, as well as from the mortgagor himself when living.
3. A NONSUIT may be granted where plaintiff's own witness testifies to a complete defence to the cause of action, but not by virtue of a receipt from defendant, which other testimony tends to show was obtained from her by duress and imposition.

Before BUCHANAN, J., Abbeville, January, 1895.

In this case Hon. Joseph H. Earle, Judge of the Eighth Circuit, sat in the place of Mr. Justice Gary, who had been of counsel in the case. It was an action by Jane Estelle Clinkscales, assignee of T. L. Clinkscales, jr., mortgagee, against A. J. Clinkscales and T. L. Clinkscales, jr., to recover the chattels described in a mortgage given by J. P. Clinkscales to T. L. Clinkscales, jr., and by him assigned to plaintiff, the possession of these chattels having been afterwards taken possession of by the defendant. The answer alleged the death of J. P. Clinkscales before action brought, and the testimony showed that the defendant, A. J. Clinkscales, was his executor. One ground of defence was, that J. P. Clinkscales had, by his will, given certain property to his wife, the plaintiff, on condition that she would not claim any of the property covered by the mortgage which had been assigned to her, and a receipt for this legacy signed by plaintiff, was offered in evidence.

After action commenced, Jane E. Clinkscales died, and the action was continued in the name of E. B. Norris, her executor.

*Messrs. Graydon & Graydon*, for appellants.

*Messrs. Frank B. Gary* and *Parker & McGowan*, contra.

May 30, 1895.   The opinion of the court was delivered by

MR. JUSTICE EARLE. This is an action of claim and delivery of personal property. At the conclusion of the testimony for the plaintiff, his honor, the Circuit Judge, granted an order of nonsuit. The appellant appeals to this court from said order upon the following exceptions: 1. Because it was error to hold that the testimony offered by the plaintiff failed to make out a case up to the time the plaintiff called A. J. Clinkscales, one of the defendants, as a witness, and in holding that, upon that testimony, the court would be compelled to grant a nonsuit; thus forcing the plaintiff to put up the defendant, A. J. Clinkscales, to prove that the defendants were in possession of the property, when the answer filed by them admitted the possession of the property, and demand made upon them for the property. 2. Because it was error to allow the witness, A. J. Clinkscales, to testify what appraisers of his brother's estate valued the property at, and in allowing a copy of the appraisement to be offered in evidence. 3. Because it was error to allow the witness, A. J. Clinkscales, to testify over the objection of the plaintiff, that he was holding the property in dispute as executor of J. P. Clinkscales, no such defence having been made in the answer. 4. Because it was error to allow the witness, A. J. Clinkscales, to testify that Mrs. Estelle Clinkscales gave him a receipt, or to allow him to testify as to any other transaction or communication between him and Mrs. Estelle Clinkscales, deceased. 5. Because it was error to hold that the plaintiff had failed to offer sufficient testimony to go to the jury, and error to grant an order of nonsuit. 6. Because there was testimony offered by the plaintiff upon every material allegation in the complaint, and the presiding judge erred in granting a nonsuit on defendant's motion.

The fourth exception has been abandoned, and it is unnecessary, from the view which we take of this case, to consider the questions raised by the second and third exceptions. The other exceptions may be considered together, as they all relate to the same matter. Did his honor, the Circuit Judge, err in granting a nonsuit?

It is scarcely necessary, in the light of the many decisions of this court, to cite authority to show that a nonsuit should never

be ordered when there is any testimony tending to prove
the material allegations of the complaint.   As the late
Chief Justice Simpson said in *Davis* v. *Railroad Company,*
21 S. C., 93: "There are some loose expressions in some of the
cases, to the effect that insufficient testimony will sustain a
nonsuit. These expressions should not be understood, however,
as giving power to the trial judge to determine the quantum of
testimony sufficient to prove an alleged fact, or to decide as to
the truth, force or effect of such testimony; but they should be
interpreted in the sense rather of pertinency or relevancy.   In
fine, the rule is, that when there is any competent, pertinent,
and relevant testimony offered to the facts in dispute, the case
passes into the hands of the jury, and beyond the judge; but
where no such testimony is offered, it is the province and the
duty of the judge to nonsuit." The testimony might be insuffi-
cient to support a verdict for the plaintiff, and the judge might
be constrained to set it aside and to grant a new trial, but the
apprehension that a jury might render a verdict upon insuffi-
cient testimony, would not justify the granting of a nonsuit.
If the plaintiff makes out a *prima facie* case, however insuffi-
cient, unsatisfactory, and conflicting the testimony might be,
the judge has no power to grant a nonsuit.

Now, apply this rule to the case under consideration.   Did
the plaintiff produce any evidence to support her cause of ac-
tion? The plaintiff alleges in her complaint, in substance, that
she is entitled to the immediate possession of the chattels therein
described, under and by virtue of certain mortgages executed
by the owner of said chattels, to secure the payment of certain
notes which became due and payable before the commencement
of this action; that said notes and mortgages had been duly
assigned to her for value; and that the defendants have wrong-
fully and unlawfully taken possession of said property, and
refuse to deliver the same to the plaintiff.   The answer of the
defendants admits the execution of the notes and mortgages,
the demand made upon them by the plaintiff, their refusal to
deliver possession to the plaintiff, and that they "took posses-
sion of a part of the property." So that, in order to make out
a *prima facie* case, it only remained for the plaintiff to prove

that the notes and mortgages had been assigned to her for value; that the defendants had possession of the property covered by the mortgages, and the value thereof. Referring to the "Case," we find that the plaintiff offered some testimony to support each of these allegations. Mrs. Clinkscales, the plaintiff, testified that the mortgages had been duly assigned to her for value, and that the defendant got the following property: "One six-horse power Tozer engine, one sixty-saw Pratt gin and condenser, one bay horse, one hand power cotton press, and wagon." A. J. Clinkscales, one of the defendants, testified that he had in his possession a Tozer engine, a Pratt gin and condenser, and a DeLoach mill, which were the same chattels described in said mortgages; and C. W. Norris testified as to the value of the property.

But the respondent's attorneys have insisted that the order of nonsuit should be sustained, because it appears that the mortgagor died before the commencement of this action, and the mortgaged property was in the hands of one of the defendants, as executor of the mortgagor. It might be sufficient to say, in answer to this contention, that no such defence was interposed by the answer, and that the parties must be restricted to the issues raised by the pleadings. But waiving this, we could not hold with the respondent, for the executor has no greater rights than his testator, and if the appellant had a cause of action against the testator during his life for the possession of the property to which she had the legal title under the mortgages, that right could in no way be affected by the death of the mortgagor, and can be prosecuted against his executor, to whom the possession of the property has been transferred.

The respondent's attorneys have also earnestly argued that the nonsuit should be sustained, because a good defence to the action has been made out by the plaintiff's own witnesses. This result would follow, if we agreed with the respondent that a good defence was thus made out. As was said by the late chief justice, speaking for the court in *Pool* v. *Railroad Co.*, 23 S. C., 289: "But it may be true that when a plaintiff alleges in his complaint facts constituting a

cause of action, and offers testimony sufficient to entitle him to go to the jury thereon in the first instance, yet if he admits the defence relied on, and that defence be one which, if true, would as matter of law defeat his action, his case becomes a case where there is a total failure of evidence—that is, a total failure of evidence as to his legal right, and subjecting him to a nonsuit." To the same point is *Slater* v. *Railroad Co.*, 29 S. C., 96. But in the case now in consideration, while the plaintiff made certain admissions as to signing the receipt introduced in evidence, which unexplained might have subjected her to a nonsuit, yet when her whole testimony is read, it will be discovered that she testified that she did not sign the receipt (which is relied on by the respondents to show her election to accept certain property bequeathed to her by her husband's will in lieu of the property covered by said mortgages), with knowledge of its effect upon her rights under the mortgages, or with the understanding or intention that it would debar her from claiming the property now in suit, but that she signed the same under duress. There was, therefore, no good defence admitted or made out by the plaintiff's witnesses. The fact as to the receipt and the circumstances under which it was signed, together with all the other facts in the case, should have been submitted to the jury, and his honor erred in granting a nonsuit.

It is, therefore, the judgment of this court, that the order appealed from be reversed, and that the case be remanded to the Court of Common Pleas for Abbeville County for a new trial.